762 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
ALAN E. ZIMMER, DEFENDANT-APPELLANT.
 NO. 84-3421
 United States Court of Appeals, Sixth Circuit.
 3/26/85
 
 On Appeal from the United States District Court for the Northern District of Ohio
 Before: Keith and Martin, Circuit Judges, and Porter.*
 PER CURIAM.
 
 
 1
 The defendant, Alan Zimmer, seeks a judgment of acquittal or reversal and remand of the district court judgment for a new trial. On May 23, 1984, the United States District Court for the Northern District of Ohio entered judgment against the defendant on 1) one count of violating 18 U.S.C. Sec. 371 for conspiring with others in obstructing the collection of taxes by the Internal Revenue Service; 2) one count of violating 26 U.S.C. Sec. 7201 for willfully attempting to defeat payment of substantial income taxes for the years 1973-1979 by concealing the nature and extent of his personal and real property from the IRS; and 3) one count of violating 18 U.S.C. Sec. 1001 for knowingly and willfully submitting a materially false affidavit to a United States Magistrate.
 
 
 2
 On appeal the defendant contends that the following errors require reversal: 1) the government failed to adequately investigate his finances and exculplatory leads; 2) the trial court failed to hold an in camera hearing to determine whether disclosure of a possible informant's identity was necessary to his defense; 3) he was convicted of violating 18 U.S.C. Sec. 1001 on the basis of insufficient evidence. We find none of the defendant's contentions of merit.
 
 
 3
 First, as this case involved a failure to pay income taxes and not a failure to report income, the IRS was under no obligation to investigate the defendant's finances or possible exculpatory leads. See Holland v. United States, 348 U.S. 121 (1954). Second, the record contains no evidence that the government's investigation involved the use of an unidentified informant who could have been a potential material witness or a participant in the crimes charged, thereby requiring an in camera determination of the informant's identity, or that the defendant specifically requested such a hearing. See Roviaro v. United States, 353 U.S. 623 (1957). And, third, the record establishes that overwhelming evidence supports the defendant's convictions on all courts.
 
 
 4
 The judgment of the Honorable John W. Potter is affirmed.
 
 
 
 *
 Senior Judge David S. Porter, U.S. District Court, Southern District of Ohio, sitting by designation